*Twelfth Judicial District.*

## In the Court of Quarter Sessions of Dauphin County.

### *In re* STATE STREET, HARRISBURG.

A title which calls the bill a supplement to another bill, which has no other title than of the same kind, a supplement to an original bill, does not *clearly* express the object of the law, and imparts no information to the legislature which is called upon to enact it.

The act of January 2, 1871, entitled "a further supplement to the act incorporating the city of Harrisburg, in the county of Dauphin, passed April 9, 1869," is defective in title, contains several distinct subjects and is unconstitutional and void.

In the matter of damages claimed for the opening of State Street.

Opinion delivered December 27, 1873, by

PEARSON, P. J.—On the 24 day of May, 1871, an act or assembly was passed authorizing the common council of the city of Harrisburg to open State street from the canal to the city limits, etc.

Viewers were appointed by an ordinance of the city authorities to ascertain and assess the damages occasioned by reason of such opening.

On the 26 day of July, 1873, the viewers made report to the council, showing that they had viewed the ground and with a single exception allowed no damages. The parties who considered themselves injured brought the whole proceedings into the court of quarter sessions by petition, and nearly all of those whose property was taken have filed exceptions to the action of the viewers. We will take up the exceptions filed in a single case, believing that it will be decisive of all.

Samuel H. Simon shows that he had a valuable brick manufactory on the ground where this street was opened, costing some $4,700 to construct. The viewers allowed him no damages for its destruction, believing as they show by their report, and as it is clearly proved, that they only allowed *"for lands taken"* nothing for buildings taken or destroyed. This is clearly erroneous. The houses, barns, or factories, are as much real estate as the land on which they are erected. This error runs through their whole report as to each person's property, and in this particular would cause it to be set aside. We are asked to declare the law under which these viewers were appointed and acted unconstitutional and that there was no authority for opening the street. The act of the 24 day of May, 1871, confers on the council of the city full power to open and grade State street, from the canal to the city limits, and all of this property lays between those points. That act is constitutional. The substance of the statute is clearly expressed in the title, and it relates to a single subject.

The enactment of January 2, 1871, under which the viewers were appointed, calls for more careful examination. By the amendment to our

state constitution adopted in 1864 it is declared that "no bill shall be passed by the legislature containing more than one subject, which shall be clearly expressed in the title, except appropriation bills." The title of this bill is "a further supplement to the act incorporating the city of Harrisburg, in the county of Dauphin, passed April 9, 1869." This title certainly does not very "*clearly*" indicate the contents of the bill. Since the adoption of this amendment it is well settled that the title is part of the law, and in the course of its passage through the legislature is a most essential part. See Pennsylvania Railroad Company *v-* Riblet, 16 P. F. Smith, 164, Eby's Appeal, 20 P. F. Smith, 311. It is a little difficult to understand how a title which calls the bill a supplement to another bill, which has no other title than of the kind—a supplement to an original bill —*clearly* expresses the object of the law. How can it possibly impart information to the legislature, which is about to enact it, or to the people who are interested in preventing or accelarating its passage? The courts of various States in putting a construction on the clauses in their constitutions, very similar in expression, have declared such to be the object. It was designed to prevent the passage of laws, the subject of which was unknown to a large portion of the legislative body, and to enable the people whose interests or rights were about to be affected by the enactment, to know by the published title what was before the legislature, and taken the necessary steps to oppose it if injurious. See the collection of the cases and reasoning of the courts in Cooley's constitutional limitations from page 141 to 151, and decisions there cited.

Our own constitution is rather more emphatic than most others, as it declares that the subject of every bill " shall be *clearly* expressed in the title," the word *clearly* being omitted in the constitutions of many of the States; yet in nearly all of them it has been held that the subject or object of the bill must be set forth.

We consider that the title to this act is the same as none. It indicates or expresses nothing—a supplement to a law without a title, and containing several distinct subjects. By looking back through the law to which it was supplemented we would gather no information.

Unfortunately, the amendment to the constitution did not lead to a corresponding change in the preparation of bills. Although the amendment most emphatically declares that the subject matter shall be distinctly set forth, yet they continued to be reported as before. Those who prepared them either did not know of the change in the organic law or disregarded it. Can the courts, whose duty it is to support the constitution and see that it is properly interpreted and enforced, show the same supine negligence? Considering the vast number of laws enacted within the last nine years in plain violation of the letter and spirit of the constitution, and the confusion which may arise from declaring them a nullity, the judiciary might well pause before setting them aside. In our

opinion we have no discretion. We cannot say that those already enacted shall stand good, but all such shall be void in the future. The same interpretation which is given to the amendment of 1864 must be put on precisely similar words found in the constitution just adopted, and the people will thereby be deprived of all knowledge of the contents of the bill from reading the title, which alone is published in the newspaper press. The Legislature may know of the contents from the new system; but the people will be left in equal ignorance. Nor can the judiciary of this State declare, as was done in Ohio and California, that this is merely directory on the Legislature, which it may disregard or carry out at its option. If such interpretation is to be given to this provision why may it not to all others? and an optional constitution is the same as none. We are therefore clearly of the opinion that the whole of this law is void for want of setting forth the subject matter in the title. We do not say that the title must be an epitome of the bill, but it must at least refer to its various subjects, so that they may be known and understood.

There is another objection to this statute—it contains several dissimilar subjects. The first section relates to that recited in the beginning of the act to which it is supplemental—it directs the plot there ordered to be made to be filed of record. The second section is dissimilar; it points out a new mode of opening and assessing damages arising from the streets; directs them to be opened on the petition of those owning 200 feet of ground on the same street. It changes the number of viewers and the mode of their appointment, requires the damages to be paid by those owning 200 feet of property in any direction from the place opened, gives an appeal to any three persons injured, but not to any one. In another section it authorizes the city council to open Front street and fixes quite a different mode of paying damages therefor. The fourth section declares the title to all land already taken by the city, or which shall hereafter be taken, to vest in fee simple, giving the city authority to sell it in fee, although it had but a previous right of way. The next section requires another municipality, the county of Dauphin, to build and keep in repair a bridge within the city, for the use of the travel thereof.

Leaving out of view the manifest injustice and probable unconstitutionality of several of these provisions, with which the court has at this time no concern, we cannot help thinking them different and incongruous subjects, and therefore the statute is void under the provision, that it shall contain but one subject. It is true it all relates to the city of Harrisburg which Mr. Justice Read considered enabled the bill to embrace everything relating to Forest county. See Blood *v.* Merulliott, 3 P. F. Smith, 391. This case Mr. Justice Agnew said in Dorsey, M'Muhlin, & Downdley's appeal, as reported in *Legal Intelligencer*, Nov. 27, 1872, "is on the borders of the constitution, a very close case," etc. In our opinion it is f beyond the borders, not by having two subjects in the bill, but because

one, and much the most important one of them is not embraced in the title. We think that Judge Read was misled by the decisions of the courts in some of the other states whose constitutions are expressed in quite a different language from ours on this subject.

The decision of Judge Agnew, the present chief justice, in the passenger railway case already cited, goes far to authorize our course of reasoning in the present case. In declaring this law void on account of the defective title, or the want thereof, we are well aware that it may have a serious effect upon other statutes, especially on many relating to this city, but nevertheless we are bound to declare the meaning of the constitution, without regard to the consequences. So far as regards the present statute it is of little moment. We have already said that the city council had the right to open State street, and there is no difficulty in assessing the damages under the 35th and 36th sections of the act incorporating the city. The people and the city will be put to little or no inconvenience. We regret being obliged to throw any obstacles in the way of city improvements, but it is time that the Legislature would adopt a more intelligible system of legislation and at least bring it within the requirements of the constitution. It is lamentable that persons so incompetent to prepare laws should be intrusted to frame those intended to regulate the business of this city. Their formation should have been given over to their solicitor, or some other competent and careful lawyer. The report of the viewers is set aside on the exceptions filed.